# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| NEW GREEN SAFETY SUPPORT AND SUPPLY, INC., *et al.* | : | Case No. 1:13-cv-683 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| FLUOR-B&W PORTSMOUTH, LLC, | : | |
| | : | |
| Defendant. | : | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This civil action is before the Court on Defendant's Motion to Dismiss (Doc. 12) and the parties' responsive memoranda. (Docs. 14, 16).

Plaintiffs' Complaint seeks an injunction requiring Defendant to redirect the award of a contract from another offeror to Plaintiffs. (Doc. 1 at ¶ 8). Defendant is the decontamination and decommissioning contractor for the Portsmouth Gaseous Diffusion Plant near Piketon, Ohio, and did not accept the bid proposal of Plaintiff New Green Safety and Supply, Inc. for the laundering, decontamination, and transportation of personal protective equipment at the plant site. (*Id.* at ¶¶ 12-13).

Defendant moves to dismiss the Complaint on the bases that Plaintiffs have failed to meet their burden of demonstrating that this Court has subject-matter jurisdiction, and because Plaintiffs have failed to sufficiently allege facts (or even a cause of action) that state a claim upon which relief can be granted.

## I. FACTS AS ALLEGED BY THE PLAINTIFFS

For purposes of this motion to dismiss, the Court must: (1) view the claims in the light most favorable to Plaintiffs; and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

Defendant is a limited liability company organized under the laws of Ohio. (Doc. 1 at ¶ 4). Defendant entered into Contract No. DE-AC30-10CC40017 with the Department of Energy, requiring Defendant to decontaminate and decommission the Portsmouth Gaseous Diffusion Plant. (*Id*. at ¶12).

In August 2012, Defendant issued a Request for Proposal ("RFP") requesting bids from subcontractors for the laundering, decontamination, and transportation of personal protective equipment at the plant site. (*Id*. at ¶¶ 12-13). The RFP was designated "RFP-22108" and captioned "Laundry Service and Supplies @ Piketon, Ohio Facility." (*Id*. at ¶ 12). The Laundry Service includes "laundering, disinfecting, sanitizing, transporting, testing, evaluation and quality assurance" for "all clothing types of Defendant's current inventory" consisting of "Modesty and General Clothing, Anti-contamination Clothing, and Respirators, and Air Breathing tubes." (Doc. 1-1).

During the next six months, Defendant issued two amended RFPs. Defendant's most recent amended RFP was issued on February 21, 2013. (Doc. 1 at ¶¶ 15, 17). That RFP informed offerors that their "initial offer should contain [their] best terms from a price and technical standpoint," but that Defendant "reserves the right to conduct discussions if later determined . . . to be necessary." (*Id*. at ¶ 22). The RFP also instructed offerors that

2

Defendant reserved the right to "accept [an offer] other than the lowest offer." (*Id*.) Finally, the RFP instructed offerors that the "Disputes" Clause of a contract to be ultimately entered into between Defendant and a selected subcontractor would state, in part, that the contract "will be construed and interpreted according to the Federal law of Government contracts as enunciated and applied by Federal Courts, Boards of Contract Appeals, and quasi-judicial agencies of the Federal Government." (*Id*. at ¶ 20). The RFP mentioned nothing about the solicitation being construed according to the federal law of Government contracts.

Two subcontractors submitted bids in response to Defendant's RFP. Plaintiff New Green Safety Support and Supply, Inc. submitted its bid on February 25, 2013. (*Id*. at ¶ 16). Smoky Mountain Solutions, LLC ("SMS") submitted a bid as well. (*Id*. at ¶ 18). After considering both bids, Defendant awarded the contract to SMS on September 23, 2013. Defendant based that decision on SMS's technical competence and lower price. (*Id*. at ¶ 42).

In response, Plaintiffs brought this lawsuit requesting that the Court order Defendant to redirect the contract from SMS to them. (*Id*. at ¶ 84). Plaintiffs allege that the Court should set aside Defendant's decision consistent with 5 U.S.C. § 706(2)(A) of the Administrative Procedure Act ("APA") because it was an "agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." (*Id*. at ¶ 46).

## II.  STANDARD OF REVIEW

**A.    Fed. R. Civ. P. 12(b)(1)**

Where a defendant raises the issue of lack of subject-matter jurisdiction under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss.  *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).  "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Motions to dismiss for lack of subject-matter jurisdiction fall into two general categories: facial attacks and factual attacks.  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  A facial attack on subject-matter jurisdiction goes to whether the plaintiff has properly alleged a basis for subject-matter jurisdiction, and the trial court takes the allegations of the complaint as true.  *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).  Here, Defendant attacks the facial sufficiency of the Complaint, and thus the applicable standard of review is that employed under Rule 12(b)(6).  *Id.*

**B.    Fed R. Civ. P. 12(b)(6)**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted."  To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

4

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id*. (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'[.]"  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)).  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]"  *Id*.

Accordingly, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678.  A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief,'" and the Complaint shall be dismissed.  *Id*. (citing Fed. R. Civ. P. 8(a)(2)).

5

## III.  ANALYSIS

### A.  Subject-Matter Jurisdiction

Plaintiffs bear the burden of proving that this Court has subject-matter jurisdiction. *See Lewis v. Whirlpool Corp.*, 630 F.3d 484, 487 (6th Cir. 2011).  The "well-pleaded complaint rule" applies to prove subject-matter jurisdiction exists <u>based on a federal question of law</u> and states that "federal question jurisdiction exists only where the federal question appears on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (emphasis supplied).

In the Complaint, Plaintiffs generally allege that this "Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the matter in controversy arises under the Constitution, laws, or treaties of the United States."  (Doc. 1 at ¶ 5). However, nowhere in the Complaint do Plaintiffs allege that Defendant violated "the Constitution, laws, or treaties of the United States."  Instead, Plaintiffs allege that this Court can review Defendant's contract award because "substantial federal interests are at stake."  But this is not the test for federal subject-matter jurisdiction because what is required is not simply federal interests, but violations of federal law … which are not alleged here.

A case can only "arise under" federal law in one of two ways.  *See Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013).  First, a case can arise under federal law when federal law creates the cause of action asserted.  *Id.*  Plaintiffs have not alleged that Defendant violated any federal law, so this avenue to federal question jurisdiction is inapplicable.

The second way a case can "arise under" federal law is when a claim is based in state law rather than federal law, but (1) raises a necessary federal issue; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) the federal issue is capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Id.* The resolution of a federal issue is "necessary" when the plaintiff's state law claim necessitates that a federal court apply federal law. *Id.* at 1065.

Plaintiffs attempt to establish jurisdiction by way of this second avenue, premising their argument on the "substantial federal question doctrine." However, as stated above, one of the requirements of this doctrine is that "the state-law claim . . . necessarily raise[s] a disputed federal issue." *U.S. v. City of Loveland, Ohio*, 621 F.3d 465 (6th Cir. 2010), cert. denied, 131 S.Ct. 2897 (2011) (citing *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 568 (6th Cir. 2007)). Here, however, Plaintiffs' complaint fails even to allege a state law cause of action.

Moreover, Plaintiffs' reliance upon the choice of law provision to be included in the contract providing that the contract entered into by Defendant and the successful bidder "will be construed and interpreted according to the Federal law of Government contracts" does not invoke federal subject-matter jurisdiction. Plaintiffs have not brought a breach of contract claim against Defendant that requires this Court to interpret a substantial question of federal law, as Plaintiffs never entered into a contract with Defendant. *A fortiori*, a party can enforce a provision in a contract only if she was party to that contract. *See, e.g., Sobh v. Am. Family Ins. Co.*, 755 F. Supp. 2d 852, 856 (N.D. Ohio 2010).

Plaintiffs attempt to dodge this conclusion by arguing that this choice-of-law provision applies to the pre-award phase of a subcontract and is enforceable against non-parties to the contract because the provision uses the phrases "quasi-judicial agencies" and "or relating to the contract." Plaintiffs claim that "quasi-judicial agencies" could only mean the Governmental Accountability Office ("GAO"), which only decides bid-protest claims, and that "or relating to the contract" also contemplates pre-contractual disputes. (Doc. 1-1 at 3). However, contrary to Plaintiffs' insistence that "quasi-judicial agency" could only refer to the GAO, the term "quasi-judicial agency" can also be interpreted to refer to arbitrators who hear and decide contract disputes, consistent with the mandatory arbitration provision set forth in the "Disputes" clause. Moreover, by its own terms, the phrase "or relating to" the contract requires that a contract exist in order for a dispute to relate to it. And again, a person can enforce a provision in a contract only if that person is a party to the contract. *Sobh, supra,* 755 F. Supp. 2d at 856.

Plaintiffs have failed to meet their burden of demonstrating that this Court has federal question subject-matter jurisdiction over this dispute, and thus dismissal is appropriate.

**B.     Pleading Sufficiency**

Plaintiffs have also failed to allege specifically any cause of action or statute upon which this Court can grant relief, citing no state or federal law under which they can bring a viable claim against Defendant. Plaintiffs cite two federal laws – the APA and the Administrative Dispute Resolution Act – but recognize that these laws only set forth

8

standards of review, and do not establish subject matter jurisdiction. (Doc. 14 at 17-18).

Instead, Plaintiffs rely on general claims against Defendant, alleging that Defendant's decision to award to SMS is tainted by an Organizational Conflict of Interest and impermissible bias, that the evaluation of proposals was flawed because Defendant did not engage in parallel discussions with both parties, that Defendant did not properly vet SMS for responsibility and the ability to perform the contract work scope, that Defendant did not discharge its obligation to verify that SMS's bid was realistic, and that Defendant violated the implied covenant of good faith and fair dealing in the *common law of contracts* by failing to conduct the procurement consistent with the requirements of the solicitation. (*Id.* at 2). Given that Plaintiffs do not derive their claims from any law, nor allege the existence of any contract between the parties, they have failed to adequately explain how these general allegations create a cause of action against Defendant in order to successfully state a claim as required by Fed. R. Civ. P. 12(b)(6).

Consequently, Plaintiffs have failed to satisfy the pleading requirements of Fed. R. Civ. P. 12(b)(6) and dismissal is also appropriate for this reason.

## IV. CONCLUSION

Accordingly, based on the foregoing, Defendant's Motion to Dismiss (Doc. 12) is **GRANTED**, Plaintiffs' claims are hereby **DISMISSED without prejudice**, and this case is **CLOSED**. The conference by telephone set for 11/12/13 at 1:00 p.m. is cancelled.

9

**IT IS SO ORDERED.**

Date 11/12/13                                                                       *s/ Timothy S. Black*
                                                                                                           Timothy S. Black
                                                                                                           United States District Judge